UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO CUNHA, on behalf of himself and others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>AVIS BUDGET CAR RENTAL, LLC,<br><br>Defendant. | Civil Action No. 1:16-cv-10545 |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Avis Budget Car Rental, LLC ("Defendant" or "Avis") responds to the First Amended Complaint ("Complaint") of Plaintiff Fernando Cunha ("Plaintiff" or "Cunha") as follows:

1. Defendant admits that Plaintiff Fernando Cunha worked for Avis Budget Car Rental, LLC ("Defendant" or "Avis") for over 11 years. Defendant further states that it fully and properly compensated Plaintiff for all work he performed. Defendant denies any remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant states that Paragraph 2 consists of an introductory paragraph to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations and demands of Paragraph 2 of the Complaint.

3. Defendant states that Paragraph 3 consists of an introductory paragraph to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations and demands of Paragraph 3 of the Complaint.

**The Parties**

4. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 4 and therefore denies them. Defendant admits that Plaintiff worked for Avis at 375 McClellan Highway, Boston, MA 02128. Defendant denies the remaining allegations of Paragraph 4 of the Complaint.

5. Defendant states that Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Avis admits that Avis Budget Car Rental, LLC is a Delaware limited liability company with its principal place of business at 6 Sylvan Way, Parsippany, New Jersey 07054, and that its registered agent for service in Massachusetts is Corporation Service Company, 84 State Street, Boston, Massachusetts 02109. Avis denies the remaining allegations in Paragraph 6 of the Complaint.

**Statement of Facts**

7. Defendant admits that Plaintiff worked for Avis for approximately 11 years at Avis's location at 375 McClellan Highway, Boston, MA 02128. Defendant further states that it fully and properly compensated Plaintiff for the work he performed. Defendant denies any remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that there are various positions within Avis that include the phrase "damage manager," each with its own job duties and responsibilities. Defendant further states that it fully and properly compensates its employees. Defendant denies any remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant states that it fully and properly compensates its employees. Defendant denies any remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that employees whose job titles include the phrase "damage manager" have many and diverse job duties and responsibilities, and that some of these job duties include, but are not limited to, appraising damage to vehicles that Avis rents to customers, documenting any damage, writing estimate reports, and/or coordinating the timely repair of vehicles with vendors. Defendant denies any remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

**Exhaustion of Administrative Remedies**

22. Defendant states that Paragraph 22 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is necessary, Defendant is without

sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore, denies the allegations.

23. Defendant states that Paragraph 23 of the Complaint asserts legal conclusions to which no response is required. Defendant further states that Paragraph 23 refers to a document, the contents of which speak for themselves. To the extent a response is necessary, Defendant denies the allegations of Paragraph 23 of the Complaint.

### Count I
### State Law Overtime Violation

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

### Count II
### Federal Law Overtime Violation

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

### Count III
### State Law Wage Violation

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

### Jury Demand

27. Defendant states that Paragraph 27 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies the allegations and demands of Paragraph 27.

### Prayer for Relief

Defendant states that the paragraph beginning "WHEREFORE" following Paragraph 27, and the paragraphs numbered 1. through 8. that follow it, are not susceptible to a response. To the extent a response is necessary, Defendant denies the demands and allegations of the paragraph beginning "WHEREFORE" following Paragraph 27 of the Complaint, and the paragraphs numbered 1 through 8 that follow it.

**Defendant's Prayer for Relief**

WHEREFORE, Defendant prays for judgment from this Court as follows:

a.   Plaintiff takes nothing by this action;

b.   that the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each of Plaintiff's causes of action;

c.   that Plaintiff be ordered to pay Defendant's costs and attorneys' fees; and

d.   such other and further relief as the Court deems appropriate and proper.

**General Denial**

Defendant denies each and every allegation, premise, or theory contained in Plaintiff's Complaint not specifically admitted herein to be true.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent the claims of the Plaintiff and/or any members of a putative collective action are based on alleged actions that occurred outside the applicable statutes of limitations, such claims are barred.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the failure to exhaust administrative remedies required by applicable laws.

**FOURTH AFFIRMATIVE DEFENSE**

Any claims for unpaid overtime are barred because Plaintiff, and/or any members of a putative collective action, were employed as bona fide executive, administrative and/or

5

professional persons, and/or as qualified trainees for such positions, and/or as highly compensated employees.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and/or any members of a putative collective action are barred or subject to offset or reduction to the extent that their salary was intended to compensate for all hours worked each week, regardless of the number of hours worked in a particular workweek. Under these circumstances, even if found to be entitled to overtime pay, which Defendant expressly denies, Plaintiff and/or any members of a putative collective action would be entitled to no more than one-half their regular rate of pay in that workweek for any overtime hours worked in that workweek.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff, and/or any members of a putative collective action, had a clear mutual understanding concerning the system under which they were paid during the relevant time frame, and understood that their salary was compensation for all hours worked each week.  By accepting the regular salary for all hours worked, even if found to be entitled to overtime pay, which Defendant expressly denies, Plaintiff and/or any members of a putative collective action would be entitled to no more than one-half their regular rate of pay in that workweek for any overtime hours worked in that workweek.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and/or any members of a putative collective action mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Defendant must be reduced by that amount.  In addition, to the extent that Plaintiff and/or any members of a putative collective action failed to make reasonable efforts to mitigate, minimize

or avoid any damages allegedly sustained, any economic damages against Defendant must be barred.

## EIGHTH AFFIRMATIVE DEFENSE

Any recovery should be offset by sums owed by Plaintiff, and/or by any members of a putative collective action, to Defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant, at all times relevant to this action, acted in good faith and in full compliance with all applicable laws and duties.

## TENTH AFFIRMATIVE DEFENSE

Defendant, at all times relevant to this action, had a reasonable belief that its classification of Plaintiff and/or any members of a putative collective action was lawful and in full compliance with applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive, liquidated, exemplary and/or treble damages would constitute an arbitrary or irrational deprivation of property and would be constitutionally impermissible.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or any members of a putative collective action for unpaid wages and/or overtime fail to the extent they are barred by the *de minimis* doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and/or any members of a putative collective action, are barred, in whole or in part, by the provisions of the Portal-to-Portal Act as to all hours during which

Plaintiffs were engaged in activities which were preliminary or postliminary to his principal activities or incidental to them.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the requirements for maintenance of a collective action.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or any members of a putative collective action, in whole or in part, are barred by the doctrines of waiver, laches, accord and satisfaction, and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiff and/or any members of a putative collective action falsely or insufficiently reported their hours, the doctrine of estoppel and/or after-acquired evidence bars the claims asserted in whole or in part.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and/or any members of a putative collective action, are barred because they timely received all amounts owed, including compensation for alleged overtime worked.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff, and/or any members of a putative collective action, are not entitled to punitive, exemplary, multiple or liquidated damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff, and/or any members of a putative collective action, are not entitled to attorneys' fees or costs.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff, and/or any members of a putative collective action, are not entitled to statutory interest.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff, and/or any members of a putative collective action, are not entitled to equitable relief.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent liability, affirmative defenses, and damages, if any, as to each member of a putative collective action are not determined by a single jury or are determined on a group-wide basis, permitting this action to proceed as a collective action violates Defendant's rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any claims by Plaintiff, and/or any members of a putative collective action, for unpaid wages and/or overtime fail to the extent the time for which they seek compensation does not constitute compensable time under applicable law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant does not owe wages to Plaintiff, and/or any members of a putative collective action, to the extent those wages were subject to attachment, trustee process, a valid assignment thereof, or a valid set-off against the same.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

Respectfully submitted,

AVIS BUDGET RENTAL CAR, LLC

By their attorneys,

/s/ Stephen T. Melnick
Stephen T. Melnick (BBO No. 667323)
Sarah E. Green (BBO No. 679732)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (t)
(617) 737-0052 (f)
smelnick@littler.com
sgreen@littler.com

Dated:  March 25, 2016

### CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2016, a true copy of the foregoing Notice of Removal was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Stephen T. Melnick
Stephen T. Melnick