UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO CUNHA, <br> individually and as representative of a <br> proposed class, <br><br> Plaintiff, <br><br> v. <br><br> AVIS BUDGET CAR RENTAL, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> )    16-10545-FDS <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER ON
MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION

**SAYLOR, J.**

This case involves claims by a former "damage manager" at Avis Budget Car Rental against his former employer for violations of the Fair Labor Standards Act ("FLSA") and Massachusetts state law.  Section 207 of FLSA requires employers to compensate all non-overtime exempt employees at not less than one and one-half times their regular rate for each hour worked in excess of forty hours per work-week.  Only those who work in bona fide executive, administrative, or professional capacities are exempt from that requirement.  Plaintiff contends that Avis improperly classified all damage managers as overtime exempt and thus denied them overtime compensation to which they were entitled.

In addition to private rights of action, § 216(b) of FLSA permits employees to bring collective actions on behalf of themselves and others who are similarly situated.  Plaintive has moved to conditionally certify a collective action and to authorize that notice of this action be

sent to the approximately thirty other current and recently terminated damage managers at Avis. For the following reasons, that motion will be granted.

I.  **Background**

   A.  **Factual Background**

The facts are taken from the complaint and the exhibits submitted with the planitiff's motion to conditionally certify class.[1]

Plaintiff Fernando Cunha was employed as a "damage manager" at an Avis Budget Car Rental location in Boston, Massachusetts from March 2004 until October 2012. (Compl. ¶ 7; Pl. Ex. 3). His primary responsibility was to "visually appraise damage to the vehicles that Avis rents out to customers, take photographs of the damage, write estimate reports, and then send those reports and photographs to Avis for evaluation and further instruction." (Compl. ¶ 12). According to the complaint, damage managers have limited independent authority and do not exercise substantial discretion. (Compl. ¶ 13–17).

According to the complaint, Cunha regularly worked more than forty hours per week. (Compl. ¶ 10). Avis classifies its damage managers as exempt from overtime compensation, and thus does not pay them overtime when they work over forty hours per week. (Compl. ¶ 9; Pl. Ex. 5 at 1).

Avis employs approximately thirty damage managers at its various locations. (Pl. Ex. 3). There are five grade levels for damage managers; a manager's level depends on the revenues, fleet size, and annual value of damage at the Avis location at which he or she works, as well as

---

[1] When considering motions to conditionally certify collective actions pursuant to 29 U.S.C. § 216, "the initial stage determination is based 'only on the pleadings and any affidavits which have been submitted.' . . . At this stage, courts do not need to make any findings of fact with respect to contradictory evidence presented by the parties or make any credibility determinations with respect to the evidence presented." *Trezvant v. Fidelity Emp'r Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006) (quoting *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001)). Accordingly, in resolving this motion, the Court assumes all non-conclusory facts alleged by plaintiffs to be true.

that person's supervisory experience. (Pl. Ex. 5 at 3). Avis' job description for the damage manager position describes the essential duties and responsibilities of all damage managers, but notes that specific duties, responsibilities, and qualifications may vary based on location. (Pl. Ex. 5 at 3–4).

### B. Procedural Background

On February 24, 2016, Cunha filed suit in state court alleging that Avis violated FLSA, 29 U.S.C. § 207, by failing to pay its damage managers overtime compensation. The complaint also alleged state-law claims for failing to pay overtime wages in violation of Mass. Gen. Laws ch. 151. § 1A and failing to pay earned wages in violation of Mass. Gen. Laws ch. 149, § 148. Plaintiff brought the state law claims in his individual capacity but, pursuant to 29 U.S.C. § 216(b), brought his FLSA claim on his own behalf and on behalf of all others similarly situated.

Defendant removed the case to this Court on March 18, 2016. On August 8, 2016, plaintiff moved to conditionally certify a class and to authorize that notice be sent to the approximately thirty other current and recently terminated Avis damage managers.

## II. Analysis

The Fair Labor Standards Act requires an employer to compensate their employees "not less than one and one-half times the regular rate at which [the employee] is employed" for each hour worked in excess of forty hours per work-week unless those employees are exempt. 29 U.S.C. §§ 207(a)(1), 213(a)(1). Employees who serve in a bona fide executive, administrative, or professional capacity are exempt from the overtime requirement. *Id.* § 213(a)(1). Section 216(b) not only creates a private right of action for employees to recover any unpaid overtime if their employers violate § 207, but it also provides employees with the option of bringing a collective action:

> An action . . . may be maintained against an employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and [on] behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* § 216(b).

FLSA "[c]ollective actions were created to promote the 'efficient adjudication of similar claims, so similarly situated employees, whose claims are often small and not likely to be brought on an individual basis, may join together and pool their resources to prosecute claims.'" *Iriarte v. Café 71, Inc.*, 2015 WL 8900875, at *2 (S.D.N.Y. Dec. 11, 2015) (quoting *Lynch v. United States Auto Ass'n*, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007)); *see also Skirchak v. Dynamics Research Corp.*, 508 F.3d 49, 58 (1st Cir. 2007) ("The Supreme Court has noted that the FLSA itself is meant to offset the superior bargaining power of employers both for particular employees at issue and broader classifications, and to offset the resulting general downward pressure on wages in competing businesses." (citing *Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 302 (1985))). "Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt-in and be bound by any judgment." *Iriarte*, 2015 WL 8900875, at *2 (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir. 2010)). It is well-established that the FLSA "states clearly that actions brought for violation of the Act cannot be brought as [Rule 23] class actions," and instead, "must be brought [as opt-in collective actions] pursuant to the procedures in [29 U.S.C. § 216]." *Trezvant v. Fidelity Employer Servs. Corp.*, 434 F.Supp.3d 40, 57 (D. Mass. 2006).

Where, as here, a plaintiff seeks to exercise his right to bring suit on behalf of others, district courts may facilitate the process of sending notice to others who may be similarly situated. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989). While the First

Circuit has not addressed the issue, most courts—including most district courts in this circuit—follow a two-step approach to determine whether to issue notice. *See Trezvant*, 434 F.Supp.3d at 43. Under this approach, "the court makes an initial determination of whether the potential class should receive notice of the pending action and then, later, after discovery is complete, the court makes a final 'similarly situated' determination." *Id.* Plaintiff here is seeking an initial determination that notice of the lawsuit should issue to the approximately thirty other damage managers.

The standard for this initial determination is "fairly lenient" and "typically results in conditional certification of the representative class." *Id.* To issue notice, the plaintiff need only show that there is "some factual support"—as opposed to mere allegations—that the potential plaintiffs are similarly situated. *See Melendez Cintron v. Hershey P.R., Inc.*, 363 F.Supp.2d 10, 16 (D.P.R. 2005) (following view of "most courts" that plaintiff must show "some factual support for the allegations [that others are similarly situated] before they [sic] authorization of notice").

Plaintiff has satisfied that lenient standard. First, he has shown that damage managers at Avis are all classified as salaried employees who are exempt from overtime under FLSA. (Pl. Ex. 5 at 1). That alone may be sufficient to issue notice. *See Kane v. Gage Merchandising Servs., Inc.*, 138 F.Supp.2d 212, 215 (D. Mass. 2001) (holding that evidence suggesting employer treated all employees in certain position as exempt from FLSA overtime requirements is sufficient to determine they are "similarly situated" for purpose of issuing court-facilitated notice). Plaintiff has also shown that damage managers share common job qualifications, skills, and duties. (Pl. Ex. 5 at 2–3). While there are five "grades" of damage manager, the grades appear to be based on the volume of revenues and fleet size at the particular Avis location at

which a manager works as well as his or her years of supervisory experience. (Pl. Ex. 5 at 3). The general job duties and responsibilities appear to remain the same for all damage managers, regardless of their grade. The job description does state that essential duties will vary based on assignment and location (Pl. Ex. 5 at 1, 4), but the fact that Avis has reduced the job duties of all damage managers to one description of the "general nature and level of work performed by employees within this classification" is sufficient to satisfy the minimal showing necessary to justify issuing notice.

### III.    Conclusion

Plaintiff's motion to conditionally certify a class and authorize notice pursuant to 29 U.S.C. § 216(b) is GRANTED. It is hereby ORDERD that defendant shall produce the names and last known addresses of the conditionally certified collective action members within 14 days of this order. Plaintiff is authorized to issue notice to all members of the conditionally certified collective action in the form attached as Exhibit 1 to his motion.

**So Ordered.**

Dated: October 26, 2016

s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge