UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO CUNHA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVIS BUDGET CAR RENTAL, LLC,<br><br>Defendant. | Civil Action No. 1:16-cv-10545-FDS |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Fernando Cunha ("Cunha") and Defendant Avis Budget Car Rental, LLC ("Avis Budget"), by and through their undersigned counsel, respectfully move the Court for an order approving their proposed resolution of this action. In support, the Parties state:

1.  Cunha filed this case as a putative collective action under the Fair Labor Standards Act (FLSA). Cunha alleges that he and other similarly situated "damage managers" were misclassified as exempt from overtime, and seeks to recover overtime premiums owed under the FLSA for hours worked over 40 in a workweek.

2.  Avis Budget denies Plaintiff's allegations. As a defense to Plaintiff's allegations, Avis Budget maintains that Plaintiff and other "damage managers" were appropriately classified as exempt under the administrative exemption, 29 U.S.C. § 541.200 et seq., because, among other reasons, they were paid on a salaried basis at least $455 per week, had a primary duty of performance of office or non-manual work directly related to the management or general business operations of Avis Budget, and had a primary duty which included the exercise of discretion and independent judgment with respect to matters of significance.

3.  Cunha filed a motion for conditional certification pursuant to 29 U.S.C. § 216(b),

which Defendant opposed. The Court granted this motion on October 26, 2016, and conditionally certified a collective action of all "damage managers" employed by Avis Budget from October 26, 2013 forward.

4. The deadline to file consent forms to join this case expired January 10, 2017. In addition to Cunha, three (3) individuals filed consents to join this litigation – Emidio Casqueira ("Casqueira"), Melissa Heim ("Heim") and Michael Christopher Stone ("Stone") (collectively with Cunha, the "Opt-in Plaintiffs"). Each designated Cunha's counsel to represent them in this lawsuit.

5. Since January 2017, Avis Budget provided Cunha's counsel data and information for the Opt-in Plaintiffs regarding their compensation and days worked.

6. The parties have engaged in good faith, arms-length negotiations since January 2017 to resolve this matter.

7. There are bona fide disputes in this action regarding the Opt-in Plaintiffs' status as exempt from overtime. Without conceding any claims or defenses, the Parties acknowledge that there is differing caselaw on whether individuals arguably comparable to "damage managers" are properly classified as exempt, and therefore there is risk to both Parties in proceeding with further litigation.[1]

8. There are bona fide disputes as to as the damages or other relief, if any, which the Opt-in Plaintiffs might recover against Avis Budget, including but not limited to the number of hours actually worked by each of the Opt-in Plaintiffs, and whether that number exceeded 40 in any given workweek.

9. Following negotiations, the Parties have agreed to the following settlement

---

[1] *Compare Napert v. GEICO*, 36 F. Supp. 3d 237 (D.Mass. 2014) (auto damage adjusters were properly classified as administrative exempt) *with Neary v. Metropolitan Property & Casualty Insurance Co.*, 517 F. Supp. 2d 606 (D.Conn. 2007) (damage appraisers were non-exempt and owed overtime).

payments to the Opt-in Plaintiffs:

| | |
|---|---|
| Cunha | $25,037.42 |
| Casqueira | $2,576.82 |
| Heim | $998.95 |
| Stone | $14,886.80 |

10. The settlement amounts to which the parties have agreed are based upon Plaintiff's counsel's independent review of the potential damages available to the Opt-in Plaintiffs including, among other things, the number of weeks that each of the Opt-in Plaintiffs worked for Avis Budget during the applicable statute of limitations period.[2]

11. In assessing potential damages available, the parties further considered dates in which each of the Opt-in Plaintiffs did not work – because of holidays, vacation, paid time off, leaves of absence, or otherwise – and therefore likely did not work more than 40 hours in that particular workweek.

12. The parties submit that the proposed resolution is fair and reasonable to the Opt-in Plaintiffs, considering the complexity, expense and likely duration of this litigation; the uncertainty the Opt-in Plaintiffs would have in prevailing on the merits; the range of any potential recovery; and the opinions of counsel to be expressed in open court.

13. The parties' proposed resolution was negotiated at arm's length, with both parties being represented by competent, experienced counsel, and reflects the parties' good faith intent and agreement that the Opt-in Plaintiffs' claims be fully and finally resolved, not to be relitigated in whole or in part at any point in the future.

14. The Opt-in Plaintiffs' counsel further requests, and Avis Budget assents, to a payment of attorneys' fees and costs of $20,500, in addition to the Opt-in Plaintiffs' settlements

---

[2] The FLSA's statute of limitations is either 2 years or, if Plaintiff can prove a willful violation, 3 years from the date each person opted in to this litigation. 29 U.S.C. § 255(a).

amounts listed above.  This is fair and reasonable given Plaintiff's counsel's experience in this field, the amount of time expended in this matter, and the results achieved on behalf of the Opt-in Plaintiffs.

15.     Plaintiff's counsel has been in extensive contact with each of the Opt-in Plaintiffs, and each has independently agreed to the terms of this settlement.

16.     The resolution includes but is not limited to a release of the Opt-in Plaintiffs' claims against Defendant under the FLSA, as well as any and all other wage and hour claims, and the dismissal of this action with prejudice.

17.     Except as stated in Paragraph 14, each party will bear his, her or its own attorneys' fees, costs and expenses, and any and all rights of appeal are expressly waived.

18.     The Parties respectfully request a hearing on this Joint Motion.

WHEREFORE, Cunha, on behalf of the Opt-in Plaintiffs, and Avis Budget jointly move the Court for an order approving their proposed resolution of this matter.  A proposed Order is submitted herewith.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| FERNANDO CUNHA, | AVIS BUDGET RENTAL CAR, LLC, |
| By his attorneys, | By its attorneys, |

/s/ Brant Casavant  
Hillary Schwab (BBO No. 666029)  
Brant Casavant (BBO No. 672614)  
FAIR WORK, P.C.  
192 South Street, Suite 450  
Boston, MA 02111  
(617) 607-3261 (t)  
(617) 488-2261 (f)  
hillary@fairworklaw.com  
brant@fairworklaw.com  

Maura A. Greene (BBO No. 547204)  
Law Office of Laura Greene, LLC  
6 Beacon Street  
Suite 205  
Boston, MA 02108  
617-936-1580 (t)  
maura@mauragreene-law.com  

/s/ Stephen T. Melnick  
Stephen T. Melnick (BBO No. 667323)  
Sarah E. Green (BBO No. 679732)  
LITTLER MENDELSON, P.C.  
One International Place, Suite 2700  
Boston, MA 02110  
(617) 378-6000 (t)  
(617) 737-0052 (f)  
smelnick@littler.com  
sgreen@littler.com  

**Dated:**  July 18, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2017, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

    /s/ Brant Casavant
Brant Casavant